IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,<br><br>      Plaintiff,<br>  vs.<br><br>SAARMAN CONSTRUCTION, LTD. and OCEAN TILE, LLC,<br><br>      Defendants. | CIVIL NO. CV 16-00315 DKW-KJM (Declaratory Judgment)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## **MEMORANDUM IN SUPPORT OF MOTION**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ii - iii

I.      INTRODUCTION ...................................................................................1

II.     BACKGROUND ......................................................................................2

        A.      The Underlying Lawsuit................................................................2

        B.      The Policy......................................................................................4

        C.      The Tenders ................................................................................10

III.    ARGUMENT........................................................................................10

        A.      Summary Judgment Standard.......................................................10

        B.      General Rules Applicable to Insurance Coverage Matters ..........11

        C.      Saarman is Not an Additional Insured Under the Policy for the
                Purposes of the Claims in the Underlying Lawsuit......................13

        D.      There is No Coverage for Saarman Under the AI Endorsements
                Because There is No Coverage for Ocean Tile for the
                Underlying Plaintiffs' Claims .....................................................16

        E.      State Farm is Entitled to Summary Judgment on Saarman's
                Claim for Breach of the Covenant of Good Faith and Fair
                Dealing ........................................................................................19

IV.     CONCLUSION ....................................................................................20

# TABLE OF AUTHORITIES

## CASES

*Best Place, Inc. v. Penn Am. Ins. Co.*, 82 Haw. 120, 920 P.2d 334 (Haw. 1996)... 20

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ...................................................... 10

*Dawes v. First Ins. Co. of Hawaii*, 77 Haw. 117, 883 P.2d 38 (Haw. 1994),
  *reconsideration denied*, 889 P.2d 66 (Haw. 1994)............................................... 11

*First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253 (1968)...................................... 11

*Fortune v. Wong*, 68 Haw. 1, 11, 702 P.2d 299 (Haw. 1985)................................. 11

*Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589 (5th Cir. 2011)..................... 14

*Nautilus Ins. Co. v. Lexington Ins. Co.*,
 132 Haw. 283, 321 P.3d 634 (Haw. 2014) ........................................................... 19

*Oahu Transit Services, Inc. v. Northfield Ins. Co.*,
 107 Haw. 231, 112 P.3d 717 (Haw. 2005)....................................................... 11,12

*Schafer v. Paragano Custom Bldg., Inc.*, 2010 WL 624108 (N.J. Super. Ct. App.
  Div. Feb. 24, 2010) ............................................................................................ 13

*Sentinel Ins. Co. v. First Ins. Co. of Hawaii*,
 76 Haw. 277, 875 P.2d 894 (Haw. 1994).............................................................. 12

*Shannon v. B.L. England Generating Station*,
 2013 WL 6199173 (D.N.J. Nov. 27, 2013) ..................................................... 15, 16

*Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1090 (9th Cir. 2001). ....... 11

*State Farm Fire & Cas. Co. v. Vidal*,
 2013 WL 5786890 (S.D. Ind. Oct. 28, 2013), ...................................................... 17

*T.W. Elec. Serv. v. Pacific Elec. Contractors Assoc.*,
 809 F.2d 626, 630 (9th Cir. 1987) ..................................................................... 10,11

*Weight v. USAA Cas. Ins. Co.*, 782 F.Supp.2d 1114, 1122-23 (D. Haw. 2011) ..... 12

**STATUTES**

Haw. Rev. Stat. § 431:10-222 ................................................................................. 16

Haw. Rev. Stat §663-3 ............................................................................................. 4

**RULE**

Fed.R. Civ.P. 56(c) ................................................................................................. 10

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,<br><br>        Plaintiff,<br><br>  vs.<br><br>SAARMAN CONSTRUCTION, LTD. and OCEAN TILE, LLC,<br><br>        Defendants. | CIVIL NO. CV 16-00315 DKW-KJM (Declaratory Judgment)<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

## I. INTRODUCTION

Plaintiff STATE FARM FIRE AND CASUALTY COMPANY

("State Farm") seeks summary judgment herein on its First Amended Complaint

for Declaratory Judgment and Saarman's Counterclaims, on the ground that there

are no genuine issues of material fact and State Farm is entitled to judgment as a

matter of law that it has no duty to indemnify Defendant Saarman Construction,

Ltd. ("Saarman") for claims asserted against it in an underlying lawsuit arising

from injuries to an employee of Defendant Ocean Tile, LLC ("Ocean Tile").

More specifically, Saarman is not covered as an additional insured for

the underlying claims under State Farm's insurance policy because they arise

solely from Saarman's alleged acts or omissions and are not caused by of the acts

or omissions of the named insured, Ocean Tile.  Moreover, because there would be no coverage for Ocean Tile for the underlying claims, there is likewise no coverage for Saarman.

State Farm is further entitled to summary judgment on Saarman's claim for breach of the covenant of good faith and fair dealing, as State Farm has provided Saarman with a defense pursuant to a reservation of rights while seeking, in good faith, to have this Court rule on the parties' rights and obligations.

## II.     BACKGROUND

### A.     The Underlying Lawsuit

On April 8, 2016, Ashley I. Narciso, individually and as the personal representative of the Estate of Lawrence S. Deponte ("Narciso") and Shane Deponte ("Shane"), who are not parties hereto, commenced an action in the Circuit Court of the Third Circuit, State of Hawaii entitled, <u>Ashley I. Narciso, Individually and as the Personal Representative of the Estate of Lawrence Deponte, et al. v. Saarman Construction, Ltd., et al.</u>, Civil No. 16-1-126K against Saarman and doe defendants (the "Underlying Lawsuit").  PSCS at ¶ 1.

The Complaint in the Underlying Lawsuit alleges that Saarman was the general renovation contractor for a project located at the Golf Villas at Maunalani Resort in Hawaii (the "Project") and was hired to oversee, conduct, survey, and inspect the Project and to plan and conduct the renovations for the

2

Project. Saarman allegedly entered into a subcontract agreement with Ocean Tile to install tiles outside of Building 1, Unit 1 of the Golf Villas (the "Building"). PSCS at ¶ 2.

According to the underlying plaintiffs, on about September 16, 2015, Lawrence S. Deponte ("Lawrence") was employed by Ocean Tile on the Project and was working on scaffolding Saarman had provided for the Project when one of the pins securing a cross brace attached to the scaffolding failed, causing Lawrence to fall to the tile floor below. According to the Complaint, Lawrence subsequently died as a result of his injuries. PSCS at ¶ 3.

The plaintiffs allege that Saarman's owners and/or authorized representatives retained and exercised control over the Project and the tile work performed by Ocean Tile and that Saarman is vicariously liable for the acts and omissions of its employees and representatives under the doctrine of *respondeat superior*. They also allege that Saarman had an affirmative, non-delegable duty to provide workers at the Project with a safe work place free from recognized hazards. PSCS at ¶ 4.

The underlying plaintiffs further allege that Saarman, through its owners, employees, and/or authorized representatives, carelessly and negligently failed to properly supervise, plan, oversee, manage, conduct, direct, or otherwise control the tile work on the Project and to use the required safety equipment,

including fall prevention equipment.  They also allege Saarman negligently failed to properly maintain and inspect the scaffolding equipment and failed to warn Lawrence of the dangerous conditions related to the scaffolding.  PSCS at ¶ 5.

The underlying plaintiffs allege general and special damages, including pain and suffering, emotional distress, loss of future earnings, medical expenses, funeral and burial expenses, and all other damages provided in Haw. Rev. Stat. § 663-3.

On June 13, 2016, Saarman filed a Third Party Complaint against Ocean Tile in the Underlying Lawsuit (the "Underlying Third Party Complaint"). PSCS at ¶ 6.

Saarman asserts that it did not engage in any acts or omissions that were the proximate cause of or contributed to the injuries and damages alleged by the Underlying Plaintiffs.  Saarman asserts that if the Underlying Plaintiffs suffered the injuries or damages claimed in the Underlying Lawsuit, then such injuries were caused by the negligence, strict liability, breach of warranty, breach of contract, improper acts or omissions, wrongdoing or breach of duty of Ocean Tile and other third-party defendants, for which Saarman is entitled to indemnification under its written subcontract with Ocean Tile.  PSCS at ¶ 7.

**B.    The Policy**

State Farm issued a Business Owners Coverage insurance policy to

Ocean Tile, Policy No. 91-BF-C578-3 (the "Policy"), which covered the policy period from January 1, 2015 to January 1, 2016.  PSCS at ¶ 8.  The Policy contains the following relevant insuring language:

**SECTION II – LIABILITY**

**Coverage L - Business Liability**

When a Limit of Insurance is shown in the Declarations for **Coverage L - Business Liability**, we will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage," or "personal and advertising liability" to which this insurance applies.  We will have the right and duty to defend the insured by counsel of our choice against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury," "property damage" or "personal and advertising injury," to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" with or without the insured's consent, for any reason and at any time . . .

PSCS at ¶ 9.

The Policy is subject to the following relevant exclusion:

**Section II - Exclusions**

Applicable to **Coverage L - Business Liability**, this insurance does not apply to:
. . .

**5.      Employer's Liability**

      **a.**      "Bodily injury" to:

            **(1)**      An "employee" or a former "employee" of the insured arising out of and in the course of:

        **(a)**    Employment by the insured; or

        **(b)**    Performing duties related to the conduct of the insured's business . . .

    **b.**    This exclusion applies:

        **(1)**    Whether the insured may be liable as an employer or in any other capacity; and

        **(2)**    To any obligation to share damages with or repay someone else who must pay damages because of the injury.

        This exclusion does not apply to liability assumed by the insured under an "insured contract."

PSCS at ¶ 10.

The Policy also includes the "Additional Insured - Owners, Lessees, or Contractors (Scheduled)" endorsement, No. CMP-4876, which provides, in relevant part, as follows:

    **1.**    **SECTION II - WHO IS AN INSURED** of **SECTION II - LIABILITY** is amended to include, as an additional insured,[1] any person or organization shown in the Schedule, but only with respect to liability for "bodily injury", "property damage", or "personal and advertising injury" caused, in whole or in part, by:

        **a.**    **Ongoing Operations**

        **(1)**    Your acts or omissions; or

---

[1] The form schedule names Saarman as an additional insured.

**(2)** The acts or omissions of those acting on your behalf;
in the performance of your ongoing operations for that additional insured; or

**b.** **Products-Completed Operations**

"Your work" performed for that additional insured and included in the "products - completed operations hazard".

**2.** Any insurance provided to the additional insured shall only apply with respect to a claim made or a "suit" brought for damages for which you are provided coverage.

**3.** Primary Insurance. The insurance afforded the additional insured shall be primary insurance. Any insurance carried by the additional insured shall be contributory with respect to coverage provided by you.

There will be no refund of premium in the event this endorsement is cancelled.

All other policy provisions apply.

PSCS at ¶ 11.

The Policy is further subject to Additional Insured - Owners, Lessees, or Contractors (Blanket)" endorsement, Form No. CMP-4875, which provides, in relevant part, as follows:

**1.** **SECTION II – WHO IS AN INSURED** of **SECTION II – LIABILITY** is amended to include, as an additional insured, any person or organization for whom you are performing operations, if you and such person or organization have agreed in writing in a contract or agreement that such person or organization be included as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property

damage" and "personal and advertising injury" caused, in whole or in part, by:

**a.     Ongoing Operations**

  **(1)**   Your acts or omissions; or

  **(2)**   The acts or omissions of those acting on your behalf;

         in the performance of your ongoing operations for the additional insured; or

**b.     Products-Completed Operations**

  "Your work" performed for that additional insured and included in the "products - completed operations hazard".

**2.**   Any insurance provided to the additional insured shall only apply with respect to a claim made or a "suit" brought for damages for which you are provided coverage.

**3.**   Primary Insurance.  The insurance afforded the additional insured shall be primary insurance.  Any insurance carried by the additional insured shall be contributory with respect to coverage provided by you.

There will be no refund of premium in the event this endorsement is cancelled.

All other policy provisions apply.

PSCS at ¶ 12.

  The Policy also includes the following relevant definitions:

Throughout this policy, the words "you" and "your" refer to the Named Insured shown in the Declarations and any other person or organization qualifying as a Named Insured under this policy.  The words "we", "us" and "our" refer to the Company providing this

insurance, as shown in the Declarations. Declarations include the policy Declarations or Renewal Declarations and any amendments thereto.

In **SECTION II — LIABILITY**, the word "insured" means any person or organization qualifying as such under **SECTION II — WHO IS AN INSURED**.

. . .

**SECTION II - DEFINITIONS**

. . .

**3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury caused by the "bodily injury".

. . .

**10.**    "Insured contract" means:

. . .

    **f.**    That part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

. . .

**17.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . .

**23.**    "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage", or "personal and advertising injury" to which this insurance applies are alleged[.]

PSCS at ¶ 13.

**C.     The Tenders**

On May 11, 2016, counsel for Saarman tendered the Complaint in the Underlying Lawsuit to State Farm under Ocean Tile's policy.  State Farm is defending Saarman in the Underlying Lawsuit pursuant to a reservation of rights.  Ocean Tile later tendered Saarman's third-party complaint to State Farm under Ocean Tile's policy.  State Farm is likewise defending Ocean Tile pursuant to a reservation of rights.

**III.   ARGUMENT**

**A.     Summary Judgment Standard**

Summary judgment is to be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims and defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Thus, where a party has brought a properly supported motion for summary judgment, the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment.  Instead, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, *specific facts* showing that there is a genuine issue for trial.  *T.W. Elec. Serv. v.*

10

*Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987) (citation omitted) (emphasis added). At least some "significant probative evidence tending to support the complaint" or defense must be produced. *Id.* at 630 (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)).

State law governs the resolution of substantive issues in this diversity action. *See Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1090 (9th Cir. 2001).

**B.      General Rules Applicable to Insurance Coverage Matters**

Insurance policies are subject to the general rules of contract construction. The terms of insurance policies must be interpreted according to their plain, ordinary and accepted sense in common speech, unless it appears from the language of the policies that a different meaning is intended. *Dawes v. First Ins. Co. of Hawaii*, 77 Haw. 117, 121, 883 P.2d 38, 42 (Haw. 1994), *reconsideration denied*, 889 P.2d 66 (Haw. 1994). A court cannot rewrite an insurance contract between the parties. *Fortune v. Wong*, 68 Haw. 1, 11, 702 P.2d 299, 306 (Haw. 1985).

Although ambiguities in an insurance policy are construed against the insurer, the Hawaii Supreme Court has made clear that this rule does *not* come into play merely because the insured and insurer disagree about certain terms contained in the underlying policy, or simply because an insured may claim ambiguity. *Oahu*

*Transit Services, Inc. v. Northfield Ins. Co.*, 107 Haw. 231, 236, n.7, 112 P.3d 717, 722 n.7 (Haw. 2005). Rather, an "[a]mbiguity exists and the rule is followed only when the [policy] taken as a whole, is reasonably subject to differing interpretation. Absent an ambiguity, the terms of the policy should be interpreted according to their plain, ordinary, and accepted sense in common speech . . .." *Id.*, 107 Haw. at 236, n.7, 112 P.3d at 722 n.7.

"Liability insurers have the same rights as individuals to limit their liability, and to impose whatever conditions they please on their obligation, provided they are not in contravention of statutory inhibitions or public policy." 120 Haw. 329, 349-350, 205 P.3d 594, 614-615 (Haw.App. 2009).

The insured has the burden of establishing coverage under an insurance policy. *Sentinel*, 76 Haw. at 291 n.13, 875 P.2d at 909 n.13. The insurer has the burden of establishing the applicability of an exclusion. *Id.*, 76 Haw. at 287, 875 P.2d at 914.

An insurer's duty to indemnify is narrower than its duty to defend. To obtain summary judgment that it owes no duty to indemnify, an insurer is "required only to establish the absence of a genuine issue of material fact regarding the question of coverage pursuant to the plain language of the insurance policies and the consequent entitlement to the entry of judgment as a matter of law." *Weight v. USAA Cas. Ins. Co.*, 782 F.Supp.2d 1114, 1122-23 (D.Haw. 2011).

12

**C.     Saarman is Not an Additional Insured Under the Policy for the Purposes of the Claims in the Underlying Lawsuit**

By their express terms, the additional insured ("AI") endorsements to the Policy extend AI status to Saarman for ongoing operations, but only for bodily injury or property damage caused in whole or in part by *Ocean Tile's* (i.e., "your") acts or omissions, or the acts or omissions of those acting on Ocean Tile's behalf.

The Complaint in the Underlying Lawsuit contains no allegations of negligence or fault of any kind on the part of Ocean Tile.  It likewise includes no allegations that Lawrence's injuries were the result of any acts or omissions by Ocean Tile.  Rather, the Complaint alleges that a pin securing a cross brace in scaffolding erected and maintained by Saarman failed, causing Lawrence's fall.  There is no allegation that Ocean Tile was responsible for erecting, maintaining, or inspecting the scaffolding, or that Ocean Tile's acts or omissions – or those of anyone acting on Ocean Tile's behalf – otherwise contributed in any way to Lawrence's injuries.

*Schafer v. Paragano Custom Bldg., Inc.*, 2010 WL 624108, at *1 (N.J. Super. Ct. App. Div. Feb. 24, 2010) is on point.  In that case, the principal for an insured subcontractor was working on a home renovation project.  He placed a ladder on scaffolding erected by the general contractor.  While perched on the ladder and trying to fit a window into place, the subcontractor lost his balance and fell to his death.  His estate sued the general contractor, claiming that the

13

scaffolding had been improperly erected.  Prior to the accident, the general

contractor had been added as an additional insured to the subcontractor's liability

policy.  The AI endorsement was substantively identical to the AI endorsements in

State Farm's policy at issue in this case, providing:

> Who Is An Insured is amended to include as an
> additional insured any person or organization for whom
> you are performing operations when you and such person
> or organization have agreed in writing in a contract or
> agreement that such person or organization be added as
> an additional insured on your policy.  Such person or
> organization is an additional insured only with respect to
> liability for "bodily injury", "property damage" or
> "personal and advertising injury" caused, in whole or in
> part, by:
>
> 1. Your acts or omissions; or
>
> 2. The acts or omissions of those acting on your behalf;
> in the performance of your ongoing operations for the
> additional insured.

*Id.* at *2.

The court held that the language of the AI endorsement was

unambiguous, and the policy afforded no coverage for claims against the general

contractor for its own negligence.  *Id.  See also Gilbane Bldg. Co. v. Admiral Ins.

Co.*, 664 F.3d 589, 599 (5th Cir. 2011) (allegations by subcontractor's employee in

workplace injury action against general contractor that employee's injuries were

caused only by general contractor and did not implicate either employee's or

subcontractor's fault, did not trigger CGL insurer's duty to defend general

14

contractor as additional insured under subcontractor's policy, which provided coverage "only with respect to liability for 'bodily injury,' 'property damage' or 'personal & advertising injury' caused, in whole or in part" by insured subcontractor's acts or omissions or the acts or omissions of those acting on subcontractor's behalf); *Shannon v. B.L. England Generating Station*, No. CIV. 10-04524 RBK, 2013 WL 6199173 (D.N.J. Nov. 27, 2013) (no coverage for plant owner/additional insured where complaint for premises liability filed by injured employee of insured contractor was based solely upon alleged negligent acts of plant owner, and policy afforded coverage only to the extent that, the injury or damage is "caused by acts or omissions of you or your subcontractor in the performance of 'your work'").

As in *Schafer*, the Complaint in the Underlying Suit at issue here includes no allegations that the plaintiffs' injuries were *caused in whole or in part by* the acts or omissions of the named insured, Ocean Tile, or anyone acting on Ocean Tile's behalf.[2] As the court in *Shannon, supra,* noted, the "caused by"

---

[2] This fact likely renders Saarman's third-party claim against Ocean Tile for indemnity invalid as a matter of law. Haw. Rev. Stat. § 431:10-222 provides, in relevant part, as follows:

> Any covenant, promise, agreement or understanding in, or in connection with or collateral to, a contract or agreement relative to the construction, alteration, repair or maintenance of a building, structure, appurtenance or appliance, including moving, demolition or excavation connected therewith, purporting to indemnify the promisee

language used in State Farm's AI endorsement is significantly narrower than that in AI endorsements in other policies extending coverage for injuries "arising out of" the named insured's work. *See Shannon*, *supra*, at \*10.

**D.** **There is No Coverage for Saarman Under the AI Endorsements Because There is No Coverage for Ocean Tile for the Underlying Plaintiffs' Claims**

Paragraph **2.** of the AI endorsements provides as follows:

> **2.** Any insurance provided to the additional insured shall only apply with respect to a claim made or a "suit" brought for damages for which you are provided coverage.

Saarman seeks coverage as additional insured for the Underlying Lawsuit and the claims asserted therein by Lawrence's survivors. The underlying plaintiffs have not asserted any claims against Ocean Tile. But if they had, the Policy would not provide coverage for Ocean Tile for such claims. Exclusion **5.** unambiguously excludes coverage for claims for bodily injury to an employee of the named insured. The Complaint in the Underlying Lawsuit alleges – and no one disputes – that Lawrence was employed by Ocean Tile and acting in the course and scope of his employment when he was injured. Thus Exclusion **5.** would preclude

---

against liability for bodily injury to persons or damage to property caused by or resulting from the sole negligence or wilful misconduct of the promisee, the promisee's agents or employees, or indemnitee, is invalid as against public policy, and is void and unenforceable[.]

coverage for any claims against Ocean Tile arising from his injury and subsequent

death.  Under the express terms of the AI Endorsement, if there is no coverage for

Ocean Tile for the claims, there is no coverage for Saarman.

The court in *State Farm Fire & Cas. Co. v. Vidal*, 2013 WL 5786890

(S.D. Ind. Oct. 28, 2013), applying Indiana law, addressed this specific provision

in a premises liability case involving injury to an insured landscaper.  The

landscaper, operating under a dba, entered into a contract with a facilities

management company and the receiver for a chain of banks to perform lawn

maintenance at various bank locations.  As part of the contract, the insured was

required to add the management company and bank receiver as additional insureds

under the landscaper's liability policy.  The additional insured endorsement added

to the policy was substantively identical to the AI endorsements in this case, and

like them incorporated the following language:

> **1. SECTION II—WHO IS AN INSURED of SECTION II—LIABILITY** is amended to include, as an additional insured, any person or organization shown in the schedule, but only with respect to liability for "bodily injury"... caused, in whole or in part, by:
>
> **a.** Ongoing Operations
>    (1) Your acts or omissions; or
>    (2) The acts or omissions of those acting on your behalf; in the performance of your ongoing operations for that additional insured.
>
> .....

> 2. Any insurance provided to the additional insured shall only apply with respect to a claim made or a "suit" brought for damages for which you are provided coverage.

*Id.* at *3.

While working at a bank branch, the landscaper fell into a hole on the property and injured himself. He thereafter filed suit against the facilities manager and the receiver, alleging their negligence caused his injury. The manager and receiver tendered defense of the lawsuit to State Farm under the landscaper's policy, citing the AI endorsement. State Farm brought an action for declaratory judgment seeking a ruling that the manager and receiver were not entitled to a defense or indemnity under the policy.

State Farm cited, *inter alia*, paragraph 2. of the AI endorsement, providing: "Any insurance provided to the additional insured shall only apply with respect to a claim made or a 'suit' brought for damages for which you are provided coverage." State Farm noted that the policy excluded coverage for injury to the named insured or an employee of the named insured. Thus, under paragraph 2. there was also no coverage for the additional insureds. The court agreed, holding that because the landscaper (i.e., the named insured) was not covered, neither were the management company and receiver. *Id.* at *6.

The Policy here likewise unambiguously limits coverage for Saarman, as additional insured, to claims for which the Policy affords coverage for Ocean

Tile.  Because the Policy would provide no coverage for Ocean Tile for the

underlying plaintiffs' claims, it likewise provides no coverage Saarman.

**E.      State Farm is Entitled to Summary Judgment on Saarman's Claim for Breach of the Covenant of Good Faith and Fair Dealing**

Saarman asserts a counterclaim for breach of the covenant of good

faith and fair dealing.  The basis for this claim appears to be that State Farm has

disputed coverage in a declaratory judgment action while defending Saarman

under a reservation of rights.  However, Hawaii's courts have made clear the

course of action State Farm has taken in this case is entirely proper and not

evidence of bad faith.  As the Hawaii Supreme Court has observed:

> "The contractual obligation to defend is triggered by the insured tendering the defense to the insurer."  If an insurer is not certain as to whether coverage exists, there are several options available to that insurer.
> The insurer may file a declaratory judgment action to determine whether it is required to defend, it can defend under a nonwaiver agreement or reservation of rights, or it can refuse to defend and risk the consequences.
> The first of these options enables an insurer to establish in a court action whether it must defend. *This permits an insurer to determine coverage issues, "allowing the insurer to address the limits of its duty to defend without risking a later finding that it acted in bad faith."*

*Nautilus Ins. Co. v. Lexington Ins. Co.*, 132 Haw. 283, 293, 321 P.3d 634, 644

(Haw. 2014) (quoting/citing 22 Appleman § 136.1 at 8; 136.7 at 45, 50) (emphasis

added).

Moreover, conduct based on an interpretation of the insurance contract that is reasonable does not constitute bad faith. *Best Place, Inc. v. Penn Am. Ins. Co.*, 82 Haw. 120, 133, 920 P.2d 334, 347 (Haw. 1996). State Farm's coverage position is a reasonable one, and there is no controlling case law from Hawaii courts contrary to that position. The mere fact that Saarman disagrees with State Farm does not transform State Farm's conduct into bad faith. To the contrary, State Farm has fully performed under the Policy, even while asking this court to rule on its rights and obligations. Accordingly, State Farm is entitled to summary judgment on Saarman's bad faith claim.

## IV. CONCLUSION

The claims in the Underlying Lawsuit against Saarman are for Saarman's own negligence or other fault and not for bodily injury caused by Ocean Tile's acts or omissions, as required for coverage under the Policy's AI endorsements. Additionally, because there is no coverage for Ocean Tile for the underlying claims under the Policy, there is likewise no coverage for Saarman. Finally, State Farm has not breached the covenant of good faith and fair dealing.

For all the foregoing reasons, State Farm respectfully requests that the Court GRANT its Motion for Summary Judgment.

20

DATED:  Honolulu, Hawaii, September 5, 2017.

/s/ David Harada-Stone
RICHARD B. MILLER
DAVID HARADA-STONE
ASHLEY R. SHIBUYA

Attorneys for Plaintiff
STATE FARM FIRE AND
CASUALTY COMPANY