Of Counsel:
FUKUNAGA MATAYOSHI CHING & KON-HERRERA, LLP

WESLEY H. H. CHING          2896
SHEREE KON-HERRERA      6927
841 Bishop Street, Suite 1200
Honolulu, Hawaii  96813
Telephone:  (808) 533-4300
Facsimile:  (808) 531-7585
Email:        whc@fmhc-law.com
                   skh@fmhc-law.com

Attorneys for Defendant
SAARMAN CONSTRUCTION, LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,<br><br>                         Plaintiff,<br><br>          vs.<br><br>SAARMAN CONSTRUCTION, LTD.,<br><br>                         Defendant.<br><br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br> | CASE NO. 16-00315-DKW-KSC<br><br>DEFENDANT SAARMAN CONSTRUCTION, LTD.'S SEPARATE AND CONCISE STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT FILED 9/5/17; DECLARATION OF CHIH-CHENG (BEN) TSAI; DECLARATION OF WESLEY H.H. CHING; EXHIBITS "A" – "G"; CERTIFICATE OF SERVICE<br><br><u>Hearing</u><br>Date:   November 21, 2017<br>Time:  9:30 a.m.<br>Judge:  The Honorable Derrick K.<br>             Watson<br>Trial Date:  February 12, 2018 |

**DEFENDANT SAARMAN CONSTRUCTION, LTD.'S SEPARATE AND CONCISE STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT FILED 9/5/17**

Pursuant to LR 56.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii, Defendant SAARMAN CONSTRUCTION, LTD. ("Saarman"), hereby submits its separate concise statement of material facts in opposition to Plaintiff STATE FARM FIRE AND CASUALTY COMPANY ("State Farm")'s Motion for Summary Judgment.

| Facts | Evidentiary Support |
|---|---|
| 1. Undisputed. | See State Farm Material Facts, Exb. 1 |
| 2. Undisputed to the extent the allegations speak for themselves. | Id. |
| 3. Undisputed to the extent the allegations speak for themselves. | Id. |
| 4. Undisputed to the extent the allegations speak for themselves. | Id. |
| 5. Undisputed to the extent the allegations speak for themselves. | Id. |
| 6. Undisputed. | See State Farm Material Facts, Exb. 2 |
| 7. Undisputed to the extent the allegations speak for themselves. | Id. |
| 8. Undisputed. | See State Farm Material Facts, Exb. 3 |

| Facts | Evidentiary Support |
|---|---|
| 9.  Partially disputed.  Relevant insuring language is not limited to State Farm's discussion in Motion. | <u>See</u> State Farm Material Facts, Exb. 4 |
| 10. Partially disputed. Exclusion is not applicable to Saarman and language in exclusion section is not limited to cited pages. | <u>See</u> State Farm Material Facts, Exb. 4 at 23-25, 35 |
| 11. Partially disputed.  The endorsement is entitled as stated by State Farm. Saarman is entitled to additional insured coverage under the endorsement. | <u>See</u> State Farm Material Facts, Exb. 5 |
| 12. Partially disputed.  The endorsement is entitled as stated by State Farm. Saarman is entitled to additional insured coverage under the endorsement. | <u>See</u> State Farm Material Facts, Exb. 6 |
| 13. Partially disputed.  The definitions are on the pages cited by State Farm, but not all are relevant to this action. | <u>See</u> State Farm Material Facts, Exb. 4, at 34-37. |

Saarman also contends that the following additional material facts are relevant to its Opposition to State Farm's Motion.

| Facts | Evidentiary Support |
|---|---|
| 14. Saarman entered into a Subcontract with Ocean Tile on the Golf Villas Project ("Project"). | <u>See</u> Declaration of Ben Tsai at ¶5; Exb. "A", Subcontract |
| 15. The Saarman – Ocean Tile Subcontract included two indemnification provisions and insurance requirements in favor of Saarman. | <u>See</u> Exb. "A" at §5.1.3, Articles 9 & 17 |

2

|                 Facts                  |        Evidentiary Support        |
|----------------------------------------|-----------------------------------|
| 16. Pursuant to Section 5.1.3 of the Subcontract, Ocean Tile assumed responsibility and indemnity for the use of Saarman's scaffolds. | See Exhibit "A" at §5.1.3 |
| 17. Pursuant to Article 9 of the Subcontract, Saarman is entitled to indemnity for all claims arising out of or in connection with Ocean Tile's operations for claims of bodily injury or death, including but not limited to Ocean Tile's employees. | See Exhibit "A" at §§9.1, 9.1.1 |
| 18. Pursuant to Article 9 of the Subcontract, Saarman is entitled to indemnity for all claims arising out of Ocean Tile's safety violation, including but not limited to the use of Saarman's scaffold. | See Exhibit "A" at §§9.1, 9.1.7 |
| 19. Pursuant to Article 9 of the Subcontract, Ocean Tile agreed to defend all claims including those brought by Ocean Tile's employees against Saarman, pay any judgment, and reimburse all legal expenses. | See Exhibit "A" at §§9.2, 9.2.1, 9.2.2 and 9.2.3 |
| 20. The Saarman – Ocean Tile Subcontract is an "insured contract" under the State Farm Policy. | See Exhibit "A"; State Farm Material Facts, Exb. 4 at 24-25, 35 |
| 21. Pursuant to Article 17 of the Subcontract, Ocean Tile was required to procure insurance for bodily injury liability, contractual liability, personal injury liability, and naming Saarman as an additional insured with respect to liabilities arising out of Ocean Tile's performance of the work under the Subcontract. | See Exhibit "A" at §§17.1, 17.3, 17.4, and 17.5 |

3

|  | Facts | Evidentiary Support |
|---|---|---|
| 22. | On or about September 16, 2015, Lawrence Deponte was working for Ocean Tile at the Project. | See Exhibit "B", Wallace Deponte testimony at 31:11 to 32:17 |
| 23. | At approximately 10:30am that morning, Lawrence was working on a scaffold to lay tile on the second-story lanai of Building "I", when he fell approximately 7 to 8 feet to the ground. | See Exhibit "C", Gilbert Ruiz testimony at 43:18 to 44:4; 50:8-24, 83:13 to 86:10; see also Exhibit "D", statement. |
| 24. | The scaffolds that Ocean Tile used on the Project were owned by Saarman but inspected daily by Ocean Tile before using them. | See Exhibit "B" at 33:14 to 34:3, 39:16 to 41:6; see also Exhibit "F", Monique Deponte testimony at 21:10 to 22:11, 25:15-23, 29:1 to 30:5, 33:9 to 34:5. |
| 25. | On the morning of the accident, Lawrence was responsible for inspecting the scaffold and did not report any problems or concerns with the scaffold. | See Exhibit "B" at 44:12-23. |
| 26. | After the fall, Lawrence took about 10 minutes to catch his breath before trying to return to work on the same scaffold. | See Exhibit "C" at 63:3 to 79:15. |
| 27. | When Lawrence could no longer work, Gilbert Ruiz drove Lawrence to his house to rest. | Id. |
| 28. | It was only after Lawrence had seizures for a couple hours when an ambulance was finally called at 4:51 p.m., and Lawrence died while being transported to Kona Hospital. | See Exhibit "C" at 169:21 to 172:16, 174:13 to 176:19; see also Exhibit "E", Hawaii EMS report. |

|  | Facts | Evidentiary Support |
|---|---|---|
| 29. | Saarman contends that Ocean Tile also violated another procedure in relation to the subject accident by removing the outboard horizontal guardrail on Building I and using the scaffold to obtain access to install tile on the second floor lanai. | See Exhibit "G", Saarman answers to interrogatories at no. 19. |
| 30. | The undisputed procedure following a jobsite accident on the Project was for Ocean Tile to call an ambulance for the injured worker and notify Saarman as the general contractor, but neither of these requirements was done promptly. | See Exhibit "B" at 59:15 to 62:18; Exhibit "F" at 48:19 to 49:13. |
| 31. | Ocean Tile did not notify Saarman about Lawrence Deponte's fall at the job site until after he died in the evening of September 16, 2015. | See Tsai Declaration at ¶4; Exhibit "F" at 48:19 to 49:13. |

Dated:  Honolulu, Hawaii,  ___October 31, 2017_____.


/s/   Sheree Kon-Herrera
WESLEY H. CHING
SHEREE KON-HERRERA
Attorneys for Defendant
SAARMAN CONSTRUCTION, LTD.

5