Of Counsel:
FUKUNAGA MATAYOSHI CHING & KON-HERRERA LLP

WESLEY H. H. CHING      2896
SHEREE KON-HERRERA   6927
1200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 533-4300
Facsimile:  (808) 531-7585

Attorneys for Defendant and Third-Party Plaintiff
SAARMAN CONSTRUCTION, LTD.

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| ASHLEY I. NARCISO, Individually and as the Personal Representative of THE ESTATE OF LAWRENCE S. DEPONTE; SHANE DEPONTE, <br><br> Plaintiffs, <br><br> vs. <br><br> SAARMAN CONSTRUCTION, LTD.; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE NON-PROFIT ENTITIES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, <br><br> Defendants. | ) Civil No. 16-1-126K (Kona) <br> ) (Other Non-Vehicle Tort) <br> ) <br> ) DEFENDANT SAARMAN <br> ) CONSTRUCTION, LTD.'S RESPONSE TO <br> ) PLAINTIFFS ASHLEY I. NARCISO, <br> ) Individually and as the Personal <br> ) Representative of THE ESTATE OF <br> ) LAWRENCE S. DEPONTE AND SHANE <br> ) DEPONTE'S FIRST REQUEST FOR <br> ) ANSWERS TO INTERROGATORIES TO <br> ) DEFENDANT SAARMAN <br> ) CONSTRUCTION, LTD. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**EXHIBIT G**

**DEFENDANT SAARMAN CONSTRUCTION, LTD.'S RESPONSE TO PLAINTIFFS ASHLEY I. NARCISO, Individually and as the Personal Representative of THE ESTATE OF LAWRENCE S. DEPONTE AND SHANE DEPONTE'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO DEFENDANT SAARMAN CONSTRUCTION, LTD.**

Defendant SAARMAN CONSTRUCTION, LTD. ("Saarman"), by and through its attorneys, Fukunaga Matayoshi Ching & Kon-Herrera, LLP, pursuant to Rule 33 of the Hawaii Rules of Civil Procedure, hereby responds and objects to Plaintiffs ASHLEY I. NARCISO, Individually and as the Personal Representative of THE ESTATE OF LAWRENCE S. DEPONTE AND SHANE DEPONTE (collectively, "Plaintiffs")' First Request for Answers to Interrogatories to Defendant Saarman Construction, Ltd. dated October 17, 2016 as follows:

## GENERAL OBJECTIONS

1.     The responses to answers to interrogatories specified in the request will exclude any and all privileged communications, including but not limited to, communications protected by the attorney/client privilege.

2.     The responses to answers to interrogatories request will exclude any and all matters which constitute the "work product" of attorneys or which were prepared in anticipation of litigation.

3.     The responses to answers to interrogatories request will exclude any and all matters not reasonably calculated to lead to the discovery of admissible evidence.

4.     The responses to answers to interrogatories request will exclude any and all matters which constitute "trial preparation" materials as specified in Rule 26(b)(3) of the Hawaii Rules of Civil Procedure.

2

Without waiving said objections, Defendant Saarman responds and objects to the

specific answers to interrogatories as follows.

DATED: Honolulu, Hawaii, _____.

**DEC 3 0 2016**

WESLEY H. H. CHING
SHEREE KON-HERRERA
Attorneys for Defendant
SAARMAN CONSTRUCTION LTD.

3

## INTERROGATORIES

1.    Please identify all of the construction projects that you were involved in on or about September 16, 2015, to include the project name, location, and a description of your involvement with each project.

ANSWER: Saarman objects to this interrogatory on the grounds it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

Attorney for Saarman Construction, Ltd.

Without waiving and subject to the aforesaid objections, Saarman states that at the time of the Subject Accident on September 16, 2015, Saarman was acting as General Contractor for the Capital Improvement Project at Golf Villas at Mauna Lani Resort. This was the only project upon which Saarman was the General Contractor in the State of Hawaii. In September 2015, Saarman was also acting as General Contractor on eleven construction projects located in Northern California.

2.    Please describe your involvement with the Golf Villas at Mauna Lani Resort project ("subject project").

ANSWER: Saarman acted as general contractor for the Capital Improvement Project, Golf Villas at Mauna Lani Resort, Kamuela, Hawaii, 96743.

3.    Please identify by name, address and position all companies and entities involved in the subject project, to include the owners, developers, contractors, and subcontractors (include the type of contractor or subcontractor).

ANSWER: The following parties were involved in the Improvement Project:

Owner:                AOAO of the Golf Villas at Mauna Lani Resort, Inc.
                      68-112 Na Ala Hele Road
                      Kamuela, HI  96743

Architect:            Posard Broek + Associates
                      112 Pine Street
                      San Anselmo, CA  94960

4

| Construction Manager: | Rider Levert Bucknall |
| | 68-1845 Waikoloa Road, Suite 2002 |
| | Waikoloa, HI 96738 |
| | |
| General Contractor: | Saarman Construction Ltd. |
| | 683 McAllister Street |
| | San Francisco, California 94102 |
| | |
| Subcontractors: | Ocean Tile, LLC |
| | P.O. Box 1049 |
| | Wailuku, HI 96793 – exterior tile installation |

Kawika's Painting, Inc.
2147 Eluwene Street
Honolulu, HI 96819 – painting, and waterproofing

Calvin's Plumbing, Inc.
73-4840 Kanalani Street, Bldg. D
Kailua, Kona, HI 96740 - plumbing

4.    Please describe Ocean Tile, LLC's role and involvement with the subject project, to include a description of all work performed up to September 16, 2015, and all work performed from September 16, 2015 to the present (includes the dates Ocean Tile, LLC worked on the various phases of the subject project).

ANSWER: By subcontract dated April 2, 2015, Ocean Tile, LLC entered into a subcontract with Saarman Construction Ltd. for the installation of the tile on the second floor lanai decks on all 16 of the buildings located at the subject property.

5.    Please describe the various phases of the subject project and your involvement with each phase.

ANSWER: The subject property consists of 16 separate buildings which consist of either 5 or 6 units. Each building had an identical scope of work, which consisted of the following: structural repairs, plumbing repairs, installation of intumescent coating, interior repairs, and painting of the unit interior, window and siding repair, and lanai deck repairs. In each unit, the interior work was performed first, followed by the exterior repairs, which would include the second floor lanai deck repair.

5

Saarman would perform the scope of work on a building-by-building basis, with the buildings being sequenced so that it would be able to move from one building to another upon completion. As of the date of accident (September 16, 2015), Saarman is informed and believes that it had completed all work on Buildings K, M, L, N, O, and J, with work in progress on Buildings I, Q, H, G and F. At the time of the subject accident, Ocean Tile was performing the tile installation on the second-level lanai deck at Unit 1, Building I. Saarman mobilized on or about 1/16/15 and reached substantial completion of all work as of July 2016.

6. During the course of the subject project, please identify by name, address and position,

(A) all of your officers, directors, employees and agents, and

(B) all of your officers, directors, employees and agents that were working on or involved with the subject project.

ANSWER: Saarman objects to the request that it identify its employees and agents involved in the Golf Villas project or other projects on the grounds that it is overly broad, vague and ambiguous and that compilation of the requested information constitutes a burdensome and oppressive task and that such information is not reasonably calculated to lead to the discovery of admissible evidence.

_(signature)_

Attorney for Saarman Construction, Ltd.

Without waiving and subject to the aforesaid objections, Saarman states that at the time of the subject project, Saarman's officers and management personnel involved in the Golf Villas project were as follows:

Jeffrey Saarman – President/CFO
Chih-Cheng (Ben) Tsai – Vice-President of Operations
Jaime Medina – General Superintendent/Project Manager
Superintendents: Frank Medina and Kyle Koffler

7. Please identify by name, address and position all of your officers, directors, employees and agents that had any supervisory role related to the work performed by Ocean Tile, LLC on the subject project, and describe each such person's duties and responsibilities.

6

ANSWER: Saarman objects to the term "supervisory role" in that it is overbroad, vague and ambiguous.

_Attorney for Saarman Construction, Ltd._

Without waiving and subject to the aforesaid objections, Saarman states that as general contractor, Saarman did not "supervise" Ocean Tile and its employees in the performance of its subcontract work. Saarman onsite personnel would review Ocean Tile's work to ensure that it conformed with the project specifications. These individuals included Jaime Medina, Frank Medina, and Kyle Koffler.

8.    Please describe all of your contact and interaction with anyone from Ocean Tile, LLC (dates, persons involved, purpose of interaction).

ANSWER: Saarman objects to this interrogatory in that it is overbroad, vague and ambiguous, that compilation of the requested information would result in a burdensome and oppressive task and would not lead to the discovery of admissible evidence. It requests Saarman to research and ascertain virtually every contact or interaction with Ocean Tile during the course of Ocean Tile's installation of the exterior tile on the second floor lanai decks on 16 separate buildings over an approximate 17-18- month period.

_Attorney for Saarman Construction, Ltd._

Without waiving and subject to the aforesaid objections, Saarman responds as follows: As each building neared completion and was ready for tile installation, Jaime Medina would either call or email Monique DePonte at Ocean Tile. She would then contact Ocean Tile's workers and book their flight tickets to the island of Hawaii. On arrival, the Ocean Tile crew would complete the tile work on the building in question and then return to their home base.

9.    Please describe any contracts and agreements by and between you and Ocean Tile, LLC, and include the date of any such contracts and agreements.

ANSWER: See the Saarman Construction/Ocean Tile subcontract dated April 2, 2015 and Contract Change Orders 1 through 3, which are produced in response to plaintiff's Request for Production of Documents.

10.    Please identify by name, address and company affiliation or employer any person or entity performing the duties of safety officer or safety representative on the subject project.

ANSWER: Jaime Medina of Saarman Construction Ltd. was Saarman's safety representative on the project.

11.    Please provide the full name, address, company name or employer, and duties and responsibilities of Jaime Medina related to the subject project.

ANSWER: Jaime Medina was the General Superintendent/Project Manager for Saarman Construction Ltd. on the Project. His duties included the following:

- Management of the construction schedule; conducting weekly meetings with owner's representatives;
- Preparing and responding to requests for information;
- Preparing and responding to submittals by Saarman and its subcontractors;
- Review and approval of applications for payment by Saarman and subcontractors;
- Safety representative;
- Conducting homeowner walk-throughs regarding interior repairs;
- Interfacing with Owner's representatives, City inspectors, manufacturing representatives, and Special Inspectors.

12.    Please identify and describe by date, author and current custodian, any report, statement or description related to the subject incident, including but not limited to any report prepared by Jaime Medina, Patrick Batchelder, and/or Charles Clark from HIOSH.

ANSWER: Objection. See General Objections. Saarman also objects to this interrogatory as overly broad, vague and ambiguous. Further to the extent this interrogatory seeks statements or reports of any kind obtained, received, or prepared in connection with HIOSH, it is not reasonably calculated to lead to the discovery of admissible evidence.

_____
Attorney for Saarman Construction, Ltd.

Without waiving and subject to the aforesaid objections, Saarman states that it is in possession of the following "reports, statements or descriptions" relating to the subject accident:

- Accident Investigation Report dated September 17, 2015, by Jaimie Medina;
- Statement by Gilbert Ruiz taken by Jaime Medina, dated September 17, 2015,

8

- Statement taken from Daniel Macherro by Jaime Medina, dated September 17, 2015,
- Statement taken from Kalapona Hall-Peleiholian by Jaime Medina;
- Photographs taken by SCL on September 17, 2015;
- Photographs taken by HIOSH on September 18, 2015;
- One-page drawing entitled layout of accident site by Jaime Medina;
- One-page drawing called "Measurements of Scaffold" by Jaime Medina;
- One-page document entitled "Location of Accident Site at Unit 1-1 at Building 1" prepared by Jaime Medina;
- Five videos entitled "Saarman Assessing Scaffold, Parts 1-5"; taken September 18, 2015.
- Video entitled "Ocean Tile on Scaffold with Gilbert Ruiz describing what he believes to be the accident dynamics"; taken September 17, 2015.

13.     Please describe any contact or communication you had with anyone related to the subject incident, including any contact or communication with anyone from Ocean Tile, LLC, HIOSH, Patrick Batchelder or others, to include the date and substance of the contact or communication, and the identities of those present or involved.

> ANSWER: Objection. See General Objections. Saarman also objects to this interrogatory as overly broad, vague and ambiguous. Further to the extent this interrogatory seeks communications from HIOSH, it is not reasonably calculated to lead to the discovery of admissible evidence.

> _[signature]_
> Attorney for Saarman Construction, Ltd.

Without waiving and subject to the aforesaid objections, Saarman states that in addition to the documents described in Interrogatory No. 12, Saarman is in possession of the following documents which relate to communications with HIOSH:

- Citation and Notification of Penalty by HIOSH, dated December 28, 2015;
- Abatement Certification, signed by Jaime J. Medina of Saarman Construction, January 4, 2016;
- Email correspondence between Matthew J. Shannon, Bays Lung Rose Holma, Attorneys at Law, and Soon H. Edgerton of HIOSH in January 2016 regarding HIOSH matter No. 1097757;
- Settlement Agreement between Saarman Construction Ltd. and HIOSH, matter No. 1097757, signed January 19, 2016;
- Transmittal memorandum from Bays Lung firm to HIOSH dated January 21, 2016, including signed settlement agreement regarding Matter No. 1097757, and Saarman settlement check.

9

14.     Please describe any e-mails, phone records, reports, correspondence, statements or other documents related in any fashion to the subject incident.

> ANSWER: Saarman Construction objects to this interrogatory on the grounds that it is overbroad, vague and ambiguous, that completion of the requested information would constitute a burdensome and oppressive task and would not lead to the discovery of admissible evidence. It would include virtually any form of communication or correspondence related "in any fashion to the subject incident." Moreover, it would call for the identification of any and all correspondence between Saarman Construction and its investigators and attorneys regarding the subject accident in preparation for litigation, which are privileged.
>
> Attorney for Saarman Construction, Ltd.
>
> Without waiving and subject to the aforesaid objections, Saarman refers Plaintiffs to those documents identified in its answers to Interrogatories Nos. 12 and 13 and to the Privilege Log submitted with its Discovery Responses.

15.     Prior to the subject incident, did you receive any comments, communication or messages, positive or negative, written or oral, from any person or entity about the work being performed by Ocean Tile, LLC on the subject project? If so, please describe and identify (date, substance, persons or companies involved) all such comments, communication or messages.

> ANSWER: Prior to the subject accident, Saarman did not receive any "comments, communications or messages, positive or negative, written or oral" from any other person or entity about work performed by Ocean Tile at the Project.

16.     On or about September 16, 2015, was the work being performed by Ocean Tile, LLC on the subject project ahead of schedule, on time, or behind schedule, and to what degree ahead or behind, if applicable?

> ANSWER: Based on information and belief, Saarman believes that Ocean Tile's work at the project was on schedule.

17.     Please describe and identify any construction standards and/or practices concerning the erection of scaffolding like the scaffolding involved in the subject project (identify by date, author, publisher and authority).

10

ANSWER: Saarman objects to this interrogatory on the grounds that it is vague and ambiguous and potentially calls for expert opinions.

Attorney for Saarman Construction, Ltd.

Without waiving and subject to the aforesaid objections, Saarman states that its employees were performing the exterior repairs and the scaffolding was intended for their use. Saarman followed standard and customary construction practice regarding scaffold use, and its employees received training in scaffold safety and use. Saarman was in possession of the document entitled, "Scaffold Safety and Users Training" published by Scaffold Solutions, Inc. and performed a Daily Scaffold Check.

18. Please describe and identify any construction standards and/or practices employed by Ocean Tile, LLC in the subcontracted tile work on the second floor on the date of the subject incident.

ANSWER: Saarman objects to the term "any construction standards and/or practices employed by Ocean Tile LLC in the subcontracted title work" as overbroad, vague and ambiguous, and potentially calling for expert opinions. Saarman further objects to the extent this interrogatory pertains to and should be directed to another party.

Attorney for Saarman Construction, Ltd.

Without waiving and subject to the aforesaid objections, Saarman states that the Ocean Tile subcontract required it to install the tile on the second-level lanai decks pursuant to the project plans and specifications, including section 093013-Ceramic Tiling as set forth in the Architect's Project Manual. In addition, pursuant to the terms of Article 5.3.1. of the Subcontract, Ocean Tile agreed and was obligated to "maintain and to be solely responsible for maintaining" in a safe condition any of Saarman's equipment, including the subject scaffold, which Ocean Tile would use in its subcontract work. Ocean Tile had a separate and independent duty to maintain the subject scaffold in a safe condition, which would include inspecting and maintaining the scaffold components, including the guardrails

19. Please describe and identify any construction standards and/or practices that should have been employed by Ocean Tile, LLC, but were not employed as part of the subcontracted tile work on the second floor on the date of the subject incident.

11

ANSWER: Saarman objects to the term "any construction standards and/or practices that should have been employed by Ocean Tile LLC but were not employed" as overbroad, vague and ambiguous, and calling for expert opinions.

_____
Attorney for Saarman Construction, Ltd.

Without waiving and subject to the aforesaid objections, Saarman states that prior to the commencement of Ocean Tile's subcontract work, Saarman instructed Ocean Tile and other subcontractors that the scaffolding on the unit exteriors was for repairs to the exterior façade and not to provide access to the 2nd floor lanai decks; that subcontractors, including Ocean Tile, were to use the ground floor entries for access to the second-floor lanais, and that Saarman had provided interior access with flooring and interior protection. As a result, Saarman did not anticipate that Ocean Tile or any other subcontractor would be using the exterior scaffolding in order to obtain access to the second-floor lanai decks.

Based on present information and belief, Saarman is informed and believes that Ocean Tile's employees had removed the outboard horizontal guardrail at Unit 1, Building I, were using the scaffold to obtain access to the 2nd floor lanai deck, and were using the inboard horizontal guard rail to step from the scaffold planking onto the lanai deck. Under the terms of the Subcontract, Ocean Tile agreed to and was obligated to maintain the subject scaffold in safe condition, which would include inspecting and maintaining the scaffold components, including the guardrails.

20. After the subject incident, did you instruct, suggest or communicate to Ocean Tile, LLC that it should change the procedure or practice tile work on the second floor? If so, describe all such communication (parties involved, date and substance) (note that "subsequent remedial measures" is an evidentiary objection for use at trial, and is not a valid objection related to discovery).

ANSWER: Saarman objects to this interrogatory as overbroad, vague and ambiguous.

_____
Attorney for Saarman Construction, Ltd.

Without waiving and subject to the aforesaid objections, Saarman responds Yes. After the subject accident, Saarman reiterated its instruction that access to the second-floor lanais should be through the unit interiors. It also installed a horizonal two-by at the lanai deck level in order to prevent workers from attempting to gain access from the scaffolding to the second-floor lanais.

12

21.    After the subject incident, did Ocean Tile, LLC change the procedure or practice of tile work on the second floor? If so, describe all such changes in detail.

ANSWER: Saarman objects to this interrogatory as overbroad, vague and ambiguous.

_(signature)_

Attorney for Saarman Construction, Ltd.

Without waiving and subject to the aforesaid objections, Saarman states that after the subject accident, Saarman reiterated its instruction to Ocean Tile and other subcontractors that access to the second-floor lanais should be through the unit interiors. It also installed a horizonal two-by at the lanai deck level in order to prevent workers from attempting to gain access from the scaffolding to the second-floor lanais.

22.    Other than the subject project, please identify any other project that you worked on with Ocean Tile, LLC (project name, location, and dates).

ANSWER: Golf Villas is the only project upon which Saarman has worked with Ocean Tile.

23.    If the subject incident was reported to you, for each report please identify the persons reporting, the persons receiving the report, the date of each report, the method of each report (oral, written or otherwise), and the substance of each report.

ANSWER: See the reports identified in Saarman's answer to Interrogatory No. 12.

24.    Please identify any insurance coverage that does or may indemnify you for the claims made in this lawsuit, to include the insurer's name and address, claim number, type of policy, identify of the named insured, identify of any additional insureds, coverage limits, and substance of any claim to a reservation of rights.

ANSWER: At the time of the subject accident, Saarman had the following General Liability coverage:
- Carrier: United Specialty Insurance Company
- Policy No.: 91-BF-C578-8
- Policy Period: June 30, 2015 – June 30, 2016
- Policy Limits: $1M/Occurrence; $2M Aggregate
- Additional Insureds: AOA of the Golf Villas at Mauna Lani Resort, Inc. and its directors, officers, managing agents and employees, including Posard Broek + Associates

13

- Carrier:  Starr Indemnity & Liability Company
- Policy #:  10002188
- Policy Period:  June 30, 2015-June 30, 2016
- Policy Limits:  $5M/Occurrence; $5M Aggregate
- Add. Insureds:  Same as on primary policy

At the time of the subject accident, Ocean Tile had General Liability coverage with the following carrier:
- Carrier:  State Farm Fire and Casualty Company
- Policy No.:  91-SF-C578-3
- Policy Period:  January 1, 2015 – January 1, 2016
- Policy Limits:  $1,000,000 per occurrence, $2,000,000 aggregate
- Additional Insureds:  Saarman Construction Ltd., its officers, owners and employees; AOAO of the Golf Villas at Mauna Lani Resort, Inc. and all of the directors, property managers and employees; Posard Broek + Associates, Inc., its officers, owners and employees

State Farm has accepted Saarman's tender of defense, subject to a reservation of rights and has filed a Declaratory Relief action.

25.    Please describe and identify any photos, videos, drawings, diagrams or items of tangible evidence that relate to the subject incident or this lawsuit.

ANSWER:  Saarman objects to this interrogatory as overly broad, vague and ambiguous

Attorney for Saarman Construction, Ltd.

Without waiving and subject to the aforesaid objections, Saarman refers Plaintiffs to the photographs, videos and diagrams identified in Saarman's prior answer to Interrogatory No. 12.

26.    Please identify by name and address any person known by you to be a witness to the subject incident, or to have been in the vicinity of the subject incident.

ANSWER:  Saarman is unaware of any person who actually witnessed Mr. DePonte's fall. It believes that Gilbert Ruiz was in the immediate vicinity at the time of the accident.

14

27.    Please describe any HIOSH violations or warning that you have received at any time, or that Ocean Tile, LLC has received at any time, and identify and describe the date of each violation or warning, project name, and the circumstance.

ANSWER: Saarman objects to this interrogatory on the grounds it is overly broad as to time, project, or circumstance, vague, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Saarman further objects to the extent this interrogatory pertains to and should be directed to another party.

_____
Attorney for Saarman Construction, Ltd.

Without waiving and subject to the aforesaid objections, Saarman refers Plaintiffs to its answer to Interrogatory No. 13, in which Saarman identifies HIOSH's citation in matter No. 1097757. Saarman has produced the citation in question in response to Plaintiffs' request for production.

28.    Please identify any claims, insurance claims or lawsuits against you related to any claim of personal injury or death, to include the names and addresses of the parties and counsel, as well as a brief description of each claim.

ANSWER: Saarman objects to this interrogatory on the grounds that it is overbroad, vague and ambiguous, that compilation of the requested information constitutes a burdensome and oppressive task and will not result in the discovery of admissible evidence. It is virtually without limitation as to the nature and extent of any adverse claims, the date of such claims, the location of such claims, the location of such claims or the surrounding circumstances.

_____
Attorney for Saarman Construction, Ltd.

29.    With regard to the person answering the above interrogatories on behalf of Defendant SAARMAN CONSTRUCTION, LTD., please state your full name, your present home address, your employer's name and business address, and the title you hold with the Defendant SAARMAN CONSTRUCTION, LTD., or the capacity in which you are associated with Defendant SAARMAN CONSTRUCTION, LTD.

15

ANSWER: Objection. Saarman objects to this interrogatory as overly broad to the extent it seeks the present home address of the persons responding to this request.

_____
Attorney for Saarman Construction, Ltd.

Without waiving and subject to the aforesaid objections, Saarman responds that the following persons participated in the preparation of Saarman's answers to these interrogatories:

Ben Tsai
Jaime Medina
Saarman Construction Ltd.
683 McAllister Street
San Francisco, California 94102
c/o Counsel for Saarman Construction Ltd.
Wesley H.H. Ching, Esq.
Sheree Kon-Herrera, Esq.
Fukunaga Matayoshi Ching & Kon-Herrera, LLP
841 Bishop Street, Suite 1200
Honolulu, Hawaii 96813
Telephone: (808) 533-4300

## VERIFICATION

STATE OF CALIFORNIA      )
                                      ) SS.

COUNTY OF _San Francisco_ )

          _Chih-Cheng (Ben) Tsai_, as the _VP of Operations_ of

SAARMAN CONSTRUCTION, LTD., being first duly sworn on oath, deposes and says that the

answers to the foregoing interrogatories are true to the best of his knowledge and belief.

SAARMAN CONSTRUCTION, LTD.

By Its _VP of Operations_

Subscribed and sworn to before me
this _30th_ day of _Dec_ , 2016.

NOTARY PUBLIC, STATE OF CALIFORNIA

Signature of Notary Public

_PUNAMBHAZ  C PATEL_

Printed or Typed Name

My Commission expires: _FEB 11th  2017_

17