RICHARD B. ROST     7947
LAW OFFICE OF RICHARD B. ROST
A Limited Liability Law Company
2200 Main Street, Suite 523
Wailuku, HI 96793
Telephone: 808-727-0234
email: richard@rostlaw.com

Attorney for Defendant
OCEAN TILE, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,<br><br>                    Plaintiff,<br><br>     vs.<br><br>SAARMAN CONSTRUCTION, LTD., and OCEAN TILE, LLC,<br><br>                    Defendants. | CIVIL NO. CV 16-00315 DWK-KJM<br><br>DEFENDANT OCEAN TILE LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF SERVICE |

**DEFENDANT OCEAN TILE LLC'S MEMORANDUM
IN OPPOSITION TO PLAINTIFF STATE FARM FIRE
AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Defendant Ocean Tile, LLC, through its attorney, Richard B. Rost, hereby submits its memorandum in opposition to the motion for summary judgment filed by Plaintiff State Farm Fire and Casualty Company in this matter.

## I. **FACTS**

Defendant Ocean Tile, LLC ("Ocean Tile") and Defendant Saarman Construction, Ltd. ("Saarman") entered into an agreement related to a construction project on the island of Hawaii in 2015. Ocean Tile agreed to perform certain work as a subcontractor for general contractor Saarman. Saarman presented Ocean Tile with Saarman's standard subcontractor agreement, which contained certain terms requiring Ocean Tile to obtain insurance with Saarman listed as an additional named insured. See, Decl. of Monique DePonte, ¶ 12; Exhibit "A", p. 21.

Ocean Tile is operated by its two manager-members, Wallace and Monique DePonte, who are husband and wife. Monique DePonte provided the Saarman contract to Joanne Agdeppa, an employee of the Wayne Yamauchi Insurance Agency and an agent of Plaintiff State Farm Fire and Casualty Company ("State Farm"). See, Decl. of Monique DePonte, ¶ 13. Ms. DePonte explained that Ocean Tile required coverage consistent with the Saarman contract, as well as to cover Ocean Tile in the event of any liability resulting from the Saarman project. Id.

Ms. Agdeppa assured Ms. DePonte that she would write a policy to provide the requested coverage. Id. at ¶ 14. When the policy was provided to Ms. DePonte, Ms. Agdeppa again represented that it provided the coverage that Ocean Tile requested. Id. At no time did Ms. Agdeppa or any other State

2

Farm agent advise Ms. DePonte regarding any exclusions in the policy. Id. at ¶ 16. She, accordingly, believed that the policy would provide the coverage she had requested. Id. at ¶ 15.

Unfortunately, during the construction project in question, Lawrence DePonte, Wallace's brother and an employee of Ocean Tile, fell from a scaffold and died as a result. His estate filed a lawsuit against Saarman in the Circuit Court of the Third Circuit, entitled *Ashley R. Narciso, et al. v. Saarman Construction Ltd., et al.*, Civil No. 16-1-126(K). Saarman then filed a third-party complaint against Ocean Tile alleging, among other things, that the accident was the result of Ocean Tile's negligence, not Saarman's.[1]

State Farm is currently defending Ocean Tile in the underlying lawsuit under a reservation of rights. State Farm is likewise currently defending Saarman under a different reservation of rights.

State Farm brought this lawsuit against Ocean Tile and Saarman, seeking a declaratory judgment. Essentially, State Farm seeks a ruling that it has no duty to defend or indemnify Defendants. In the instant motion, State Farm seeks summary

---

[1] Ocean Tile disputes this, as the scaffold that caused the accident was installed, maintained and controlled by Saarman. See, Decl. of Monique DePonte, ¶ 7.

judgment against Defendant Saarman, but has not moved for summary judgment against Ocean Tile.

## II. <u>STANDARD OF REVIEW</u>

"A party is entitled to summary judgment on any claim or defense if it can be shown 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" <u>Broadband iTV, Inc. v. Oceanic Time Warner Cable, LLC</u>, 135 F.Supp.3d 1175, 1179, (D.Haw. 2015), *quoting* <u>Maxwell v. Cnty. of San Diego</u>, 697 F.3d 941, 947 (9th Cir. 2012) (quoting Fed. R. Civ. P. 56(a)).

"When evaluating a motion for summary judgment, the court must 'view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion.'" <u>Broadband iTV</u>, 135 F.Supp.3d at 1180, *quoting* <u>Scott v. Harris</u>, 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed. 2d 686 (2007).

## III. <u>DISCUSSION</u>

As an initial matter, Ocean Tile notes the motion filed by State Farm does not seek summary judgment against Ocean Tile. Rather, State Farm seeks summary judgment solely against Saarman. Given that State Farm is not requesting summary judgment against Ocean Tile, it apparently is conceding it will have a continuing duty to Ocean Tile - regardless of the outcome

of this motion – unless and until it obtains a judgment against Ocean Tile at some point in the future.

Nevertheless, State Farm's motion does argue that Ocean Tile is not entitled to coverage for the underlying lawsuit. See, ECF Doc. 30-1, p. 16, et seq. Accordingly, to the extent the motion seeks a ruling that Ocean Tile is not entitled to coverage, Ocean Title opposes it.

### A. OCEAN TILE IS COVERED UNDER THE POLICY

State Farm's "… duty to defend 'rests primarily on the possibility that coverage exists. This possibility may be remote but if it exists[,] the [insurer] owes the insured a defense.'" Dairy Rd. Partners v. Island Ins. Co., 92 Hawai'i 398, 412, 992 P.2d 93, 107 (2000), *quoting* Sentinel Ins. Co., Ltd. v. First Ins. of Hawai'i, Ltd., 76 Haw. 277, 291, 875 P.2d 894, 908 (1994) (brackets in original, further citations omitted).

"All doubts as to whether a duty to defend exists are resolved against the insurer and in favor of the insured[.]" Sentinel Ins. Co., 76 Haw. at 287, *quoting* Trizec Properties, Inc. v. Biltmore Constr. Co., 767 F.2d 810, 812 (11th Cir. 1985).

Moreover, Hawaii law is clear that the insurance policy must be liberally construed in favor of Ocean Tile and against State Farm, with any ambiguities being resolved against State Farm.

> [W]e have long subscribed to the principle
> that [insurance policies are contracts of
> adhesion and they are to be] construed
> liberally in favor of the insured and the
> ambiguities resolved against the insurer.

Fortune v. Wong, 68 Haw. 1, 10, 702 P.2d 299, 305 (1985), *quoting* Masaki v. Columbia Casualty Co.*,* 48 Haw. 136, 141, 395 P.2d 927, 929 (1964) (brackets in original, internal quotation marks omitted).

In light of this standard, State Farm's motion should be denied. State Farm relies on the "Employer's Liability" exclusion in the policy, which purports to exclude coverage for bodily injury to employees of Ocean Tile incurred in the course of their employment. See, Plaintiff's Exhibit 4, ECF Doc. 31-6, p. 25. It is State Farm's burden to prove that the exclusion applies. Sentinel Ins. Co. v. First Ins. Co., 76 Haw. 277, 297, 875 P.2d 894, 914, (1994). "In addition, any ambiguity in an exclusionary clause is construed in favor of the insured and 'strictly construed against the insurer.'" C. Brewer & Co. v. Marine Indem. Ins. Co. of Am., 135 Hawai'i 190, 196, 347 P.3d 163, 169 (2015), *quoting* Retherford v. Kama, 52 Haw. 91, 470 P.2d 517 (1970).

State Farm has failed to carry its burden to prove the exclusion applies. The exclusion relied upon by State Farm contains a critical exception, which provides "[t]his exclusion does not apply to liability assumed by the insured under an

'insured contract.'" <u>Id</u>. The coverage document requires State Farm to cover claims based on an "insured contract." <u>See</u>, Plaintiff's Exhibit 4, ECF Doc. 31-6, p. 24.

The term "insured contract" is defined elsewhere in the coverage form to include several different types of contracts. <u>See</u>, Plaintiff's Exhibit 4, ECF Doc. 31-6, p. 35. The relevant provision of the definition is subsection (f), which includes the following under the definition of "insured contract":

> That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

<u>Id</u>.[2]

The question, then, is whether there is an "insured contract" under this definition, so that the exception to the exclusion would apply. Viewing the facts in the light most favorable to Ocean Tile, and interpreting the policy liberally in Ocean Tile's favor, there is such an "insured contract."

---

[2] This provision is subject to several exceptions related to railroads, architects, engineers, and surveyors which not applicable here.

Ocean Tile and Saarman Construction entered into a contract with an indemnity provision that provides as follows:

9.1  With the exception that this provision shall in no event be construed to require indemnification by Subcontractor to a greater extent than permitted under the public policy of the State of Hawaii, Subcontractor shall indemnify, defend and hold harmless Owner and Contractor, and all of their respective officers, agents, employees, directors, property manager affiliates, parents and subsidiaries, the Architect, the Architect's Consultants and each of them (the "Indemnitees"), from any and all claims, demands, causes of action, damages, costs, expenses, actual attorney's fees, losses or liability, in law or in equity of every kind and nature whatsoever ("Claims") arising out of or in connection with Subcontractor's operations and/or performance under this Subcontract for, but not limited to:

9.1.1     ***Personal injury, including, but not limited to, bodily injury***, emotional injury, sickness or disease, or death ***to persons, including, but not limited to, any employees or agents of Subcontractor***, Owner, Contractor, or any other subcontractor and/or damage to property of anyone (including loss of use thereof), caused or alleged to be caused in whole or in part by any negligent act or omission of Subcontractor or anyone directly or indirectly employed by Subcontractor or anyone for whose acts Subcontractor may be liable ***regardless of whether such personal injury or damage is caused by an Indemnitee***.

(Emphasis added).

This agreement is an "insured contract" under the definition in the policy, precluding summary judgment against

Ocean Tile. As noted, under the policy, an "insured contract" is an agreement "… under which [Ocean Tile] assume[d] the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person or organization." Under its contract with Saarman, Ocean Tile agreed to pay for any "bodily injury" to a "third person" (i.e., any of its employees) "caused or alleged to be caused" by Ocean Tile's negligence, even if said injury was actually caused by Saarman. This creates the possibility of Ocean Tile assuming Saarman's tort liability, as required for the contract to be an "insured contract."

State Farm argues that the plaintiff in the underlying law suit does not allege Ocean Tile was negligent, which is true. However, Saarman's third-party complaint does allege Ocean Tile was negligent. As a result, there is the possibility that the trier of fact in the state lawsuit will be asked to determine whether or not Ocean Tile's negligence caused the accident at issue.[3] Thus, under the Ocean Tile/Saarman contract, there is a possibility that Ocean Tile will have assumed liability for an act committed by Saarman. This possibility, even if remote,

---

[3] This possibility demonstrates the fallacy of State Farm's argument that Saarman is not entitled to coverage as an additional insured. State Farm argues that Saarman is only covered for Ocean Tile's negligence. Due to the ongoing possibility that Ocean Tile will be found negligent in the underlying case on the third party complaint, the possibility of coverage remains. Ocean Tile, of course, denies that it was negligent, but Ocean Tile's position is not controlling.

requires that State Farm continue defending Ocean Tile in the underlying lawsuit. <u>Dairy Rd. Partners</u>, 92 Hawai'i at 412. To the extent State Farm's motion seeks a contrary ruling, it should be denied.[4]

## B. <u>STATE FARM IS ESTOPPED FROM DENYING OCEAN TILE COVERAGE</u>

The second issue precluding summary judgment is the representation of State Farm's agent when she sold Ocean Tile the policy in question. Monique DePonte provided the Saarman contract directly to State Farm's agent, Joanne Agdeppa, and advised her Ocean Tile needed insurance that would a) meet Ocean Tile's obligations under the Saarman contract, and b) cover Ocean Tile for any liability that might arise from the project with Saarman. <u>See</u>, Decl. Monique DePonte, ¶ 13.

In <u>Enoka v. AIG Hawaii Ins. Co.</u>, 107 Hawai'i 537, 556-57, 128 P.3d 850 (2006), the Supreme Court of Hawaii explained that estoppel can broaden insurance coverage under certain circumstances, particularly when there is a misrepresentation regarding coverage or when the insurance company acts in bad faith. There, the Court explained "… the party invoking equitable estoppel must show that he or she has detrimentally relied on the representation or conduct of the person sought to

---

[4] State Farm's memorandum in support of its motion never addresses the issue of the "insured contract" exception to the exclusion. The authorities cited by State Farm are therefore irrelevant to this issue.

be estopped, and that such reliance was reasonable. Such requirement, however, may be dispensed with in order to prevent manifest injustice." Id. at 557, *quoting* AIG Hawai'i Ins. Co. v. Smith, 78 Haw. 174, 179, 891 P.2d 261 (1995) (internal quotation marks omitted).

Here, considering all facts in the light most favorable to Ocean Tile, there is at least a question of facts as to whether the requirements for estoppel are met. Ocean Tile, through its manager Monique DePonte, relied on the multiple representations of Ms. Agdeppa that the policy would provide the coverage requested. See, Decl. of Monique DePonte, ¶ 14-15. Nothing in the record suggests this reliance was unreasonable. Indeed, relying on the representations of one's insurance agent regarding the scope of coverage provided is plainly reasonable conduct. State Farm's agent's failure to explain – or even note the existence of - any exclusions in the policy further demonstrates Ocean Tile's reliance was reasonable.

Moreover, it would be manifestly unjust for State Farm to avoid its coverage obligations under these circumstances. Ocean Tile specifically asked for coverage that would comply with the Saarman contract and protect Ocean Tile from any liability from accidents arising from the project in question. See, Decl. of Monique DePonte, ¶ 13. State Farm's agent assured Ocean Tile that the policy would provide such coverage. Id. at ¶ 14.

Clearly, it would be a manifest injustice to allow an insurance company asked to provide specific coverage, and having represented to its customer that such coverage was provided by the policy in question, to turn around and deny coverage. Such manifest unjustice is another basis upon which to estop State Farm's denial of coverage. Enoka, 107 Hawai'i at 557. Estoppel requires that State Farm's motion be denied to the extent it seeks a ruling that State Farm has no duty to defend and/or identify Ocean Tile.

C. **STATE FARM FAILED TO CONDUCT A REASONABLE INVESTIGATION**

As noted *supra*, estoppel prevents State Farm from denying coverage if State Farm has acted in bad faith. Enoka, 107 Hawai'i at 556-57. Hawaii law imposes a duty upon State Farm to conduct a good faith analysis and investigation regarding whether coverage exists. "The possibility of coverage must be determined by a good-faith analysis of all information known to the insured or all information reasonably ascertainable by inquiry and investigation." Dairy Rd. Partners, 92 Hawai'i at 414.

State Farm has put forth no evidence of any good faith analysis or investigation that it has conducted since its original decision to defend Ocean Tile. There has certainly been no discovery conducted in this case, and State Farm makes no factual assertions beyond the pleadings in the underlying case.

Those pleadings, of course, were available to State Farm at the time it originally elected to defend Ocean Tile. The question, therefore, is what has changed since State Farm's original decision to defend Ocean Tile? What good faith investigation has State Farm undertaken that has changed its initial decision? These are questions State Farm does not attempt to answer.

Considering State Farm's failure to produce evidence on this point, coupled with State Farm's representations about the coverage to Ocean Tile discussed *supra*, creates a dispute of material fact as to whether State Farm is acting in good faith. This dispute of fact requires the motion be denied.

Moreover, State Farm is likely not addressing this question because it is aware that its obligation to indemnify Ocean Tile is properly determined at the end of underlying lawsuit. <u>See</u>, <u>Arthur v. State of Hawaii</u>, 138 Hawai'i 85, 97, 377 P.3d 26 (2016). Until the underlying cases is resolved and the trier of fact determines who is or is not negligent, any attempt to determine whether State Farm must indemnify Ocean Tile (or Saarman) is premature.

**IV. <u>CONCLUSION</u>**

Viewing the facts in the light most favorable to Ocean Tile, and liberally reading the policy in Ocean Tile's favor, the contract between Ocean Tile and Saarman is an "insured contract" within the definition of the policy. Thus, there is

coverage and the exclusion relied upon by State Farm does not apply. State Farm's motion should be denied to the extent it seeks a ruling that there is no coverage.

Additionally, State Farm's representations regarding what the policy would cover estop State Farm from denying Ocean Tile coverage. Even if State Farm disputes the facts regarding its representations to Ocean Tile, such disputed material facts preclude summary judgment.

For all the reasons discussed herein, Ocean Tile respectfully requests that State Farm's motion be denied.

DATED: Wailuku, Maui, Hawaii, October 31, 2017.

/s/ Richard B. Rost_____
RICHARD B. ROST
Attorney for Defendant
Ocean Tile, LLC